DA 08-0264

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 23N

DOUGLAS R. BOESE,

      Plaintiff and Appellant,

  v.

RONALD L. BISSELL,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-07-1663
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Douglas R. Boese, (self-represented); Deer Lodge, Montana

      For Appellee:

          Mark D. Meyer; Ugrin, Alexander, Zadick & Higgins, P.C.;
Great Falls, Montana

                          Submitted on Briefs:  January 7, 2009

                                    Decided:  February 3, 2009

Filed:

          _____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas Boese ("Boese") appeals from the dismissal of his professional malpractice complaint for failure to name a necessary party and for filing in the wrong venue. We affirm.

¶3 Boese's complaint alleged that attorney Ronald Bissell committed professional negligence in the course of his public defender representation of Boese on criminal charges filed in Cascade County in 1997.

¶4 Boese filed his complaint on December 12, 2007, in Missoula County. Boese filed a motion for entry of default judgment asserting that Bissell had failed to appear and defend. Bissell moved to deny Boese's motion and to dismiss the complaint for the reason that: (1) he had not been properly served, (2) venue was not proper since Bissell resided in Ravalli County, and (3) Boese had failed to name Cascade County as a necessary and proper party.

¶5 The District Court entered an order dismissing Boese's motion for default judgment with prejudice and dismissing Boese's complaint without prejudice.

¶6     Boese attempted to serve Bissell by mailing the summons and complaint to Bissell pursuant to M. R. Civ. P. 4D.  The record reflects, however, that Bissell did not sign and return the acknowledgment.  Thus, service by mail was never properly completed.  *See* M. R. Civ. P. 4D(1)(b)(iii) (stating that "[s]ervice of summons and complaint will be deemed complete on the date of signature of the defendant as shown on the acknowledgment").  The record also reflects that Boese failed to name Bissell's employer, Cascade County, as a proper and necessary party and that Boese erroneously alleged that Bissell resided in Missoula County, when, in fact, Bissell was a resident of Ravalli County.

¶7     Although the district court did not address the statute of limitations, it is apparent from Boese's complaint (paragraphs 17-24) that Boese was aware of Bissell's alleged negligence at least by April 2, 1999.  The fact that Bissell claims to not have "discovered" the alleged negligence until he secured certain docket information from the Clerk of Court on February 2, 2007, is not dispositive.  The relevant docket information was in the public record and available since 1998.  His complaint was filed on December 12, 2007, more than three years after the information was publically available for discovery.

¶8     The denial of Boese's motion for default judgment is affirmed.  The dismissal of Boese's complaint is affirmed for lack of proper venue, failure to name a proper and necessary party, and for the further reason that the complaint is barred by the three year statute of limitations, § 27-2-206, MCA, applicable to legal malpractice claims.

3

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶10    We affirm the dismissal of the complaint.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE